Howrt, Judge,
delivered the opinion of the court:
This is a claim for travel allowances under an act approved February 8,1901, entitled “ An act for the payment of travel allowances, on discharge from the volunteer army, to certain officers and enlisted men who reentered the military service *568 of the United States in the Philippine Islands.” (31 Stats., 162.) It provides:
“ That any officer of volunteers, and any enlisted man of either regulars or volunteers, who was discharged in the Philippine Islands, and there reentered the service through commission or enlistment in the Thirty-sixth or Thirty-seventh regiments, United States Volunteer Infantry, or in the Eleventh Regiment, United States Volunteer Cavalry, shall, when discharged, except by way of punishment for an offense, receive for travel allowances, from the place of his discharge to the place in the United States of his last preceding appointment or enlistment, four cents per mile: Provided^ That for sea travel on discharge, from or between our island possessions, actual expenses only shall be paid to officers, and transportation and subsistence only shall be furnished enlisted men: Provided, further, That officer and enlisted men discharged in the United States under the provisions of this act shall not be entitled to transportation or travel allowance back to the Philippine Islands.”
The differences of opinion existing among the members of the court as to the retroactive effect of the foregoing statute (thereby delaying any decision) relate to the words in the foregoing statute “when discharged,” some of the members of the court being of opinion that the events and circumstances surrounding the men who were discharged from the service just before the passage of the act justified an interpretation sufficient to warrant judgment for the claimant, while others of the court took a different view because of the general rule that there must be something on the face of an act putting it beyond doubt that the legislature intended retrospective operation, or that the intent should appear by unavoidable implication, and holding that the words “ when discharged ” related to that period of time after the enactment of the law. But an important fact has transpired since the argument and submission of the cause which we are agreed must settle this case, independent of the purely legal question stated.
This fact, procured from the War Department at the instance of a member of the court with the knowledge of the respective counsel, is disclosed by the second finding. It there appears that the claimant was permitted to leave the service to enter business, and cast his fortunes at the place *569 of his discharge, and it was a matter of accommodation to him to permit his retirement upon satisfactory evidence of the honesty of the purpose indicated by him, submitted with his application for discharge. It also appears that, as to enlisted men, department commanders, when satisfied with the evidence, should issue the necessary orders for discharge, citing the reason for discharge in the language set forth in the first finding, making reference to the order under which the discharge was granted. Inasmuch as the claimant was discharged before the regiment sailed for the United States and only a few days before the passage of the act under which he now claims, the burden of proof is on him to show that the discharge was not for his benefit. The presumption must be indulged that he obtained his discharge from the military service under the order set forth in finding 2, and claimant, having availed himself of the privilege granted by the commanding general, lost his right to be transported to the United States at public expense (if he ever had any such right), under the act which conferred opportunities upon all within the act who chose to return at the time without being discharged, to the place of enlistment.
It is urged by the claimant that auditing officers of the Treasury disallowed his claim because the act under which it was made did not appear to be retroactive, but that the Comptroller held (8 Comp. Dec., 866) that the statute was retroactive as in other similar claims, and as to these claims of a similar character to that here they had been allowed and paid. If this be so, such claims have been improperly paid if the claimants elected to be discharged, as set forth, from the service in the Philippines.
The judgment will be entered for defendants and the petition dismissed.